UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:26-cv-03733-SSC Date: November 9, 2026

Title Gavin Owens v. Bunker 13 Movie, LLC, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Vacating Hearing, Ordering Response To *Ex Parte* Application, And Ordering Plaintiff to Show Cause**

On September 25, 2026, Intervenor Launch Development Fund LLC (Intervenor) filed a motion to intervene as a matter of right in this matter. (ECF 39.) On the same day, Defendant Alexander Yelaun filed an *ex parte* application to strike and seal the motion to intervene and declaration in support thereof (ECF 39; ECF 40), compel arbitration, and stay proceedings. (ECF 42.) The Court denied the *ex parte* application seeking to strike and seal the contested materials. (ECF 52 at 2–4.) The Court declined to address Defendant Yelaun's *ex parte* application to compel arbitration because the request was not properly before the Court on an *ex parte* basis. (*Id.* at 4.) The Court explained that "Defendant Yelaun has not demonstrated that the relief cannot be obtained through ordinary noticed-motion procedures." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-03733-SSC Date: November 9, 2026

Title Gavin Owens v. Bunker 13 Movie, LLC, et al.

A hearing on the motion to intervene was scheduled to occur on October 27, 2026. (ECF 39.) On October 26, 2026, the Court received an email from Defendant Yelaun indicating that he was unable to attend the hearing. (ECF 54.) The Court, on its own motion, continued the hearing to November 9, 2026. (*Id.*)

On November 6, 2026, Plaintiff Gavin Owens filed an *ex parte* application for an order (1) declaring Defendant Yelaun's Notice of Interlocutory Appeal ineffective to divest this Court of jurisdiction, or alternatively, (2) certifying the appeal as frivolous, and (3) confirming that the November 9, 2026, hearing proceeds as scheduled. (ECF 58.) Plaintiff explains that on October 29, 2026, Defendant Yelaun served him by email two Notices of Interlocutory Appeal of this Court's October 16, 2026, order, and a Notice of Automatic Stay asserting that all proceedings, including the scheduled November 9, 2026, hearing, are stayed. (ECF 58 at 1–2, 5.) Plaintiff attaches the notices. (*Id.* at 25–31.)

None of the notices are reflected on the docket. The Court has reviewed the Notices of Interlocutory Appeal only through Plaintiff's *ex parte* application. If the notices were sent to the Court, they have not yet been docketed.

Plaintiff argues that the Court's order is not appealable because the parties have not consented under 28 U.S.C. § 636(c)(1) and (3). (ECF 58 at 6.) But on April 15, 2026, a notice of assignment and declination of consent was issued, advising the parties that "[t]o consent, no action is needed" and that the parties "are free to opt out of consenting" by returning the attached form. (ECF 3.) On July 20, 2026, the period to decline consent had expired and no timely declination of consent was received by the Court. (ECF 16.)

Accordingly, the Court VACATES the hearing set for November 9, 2026. The Court will reset the hearing if argument is deemed necessary.

Plaintiff is ordered to show cause, no later than **Thursday, November 12, 2026,** why he asserted that this Court lacks consent when the record reflects that all parties have consented to this Court's jurisdiction. If this argument was generated through the use of generative artificial intelligence, Plaintiff shall disclose such use.

Defendant is ordered to respond to Plaintiff's *ex parte* application (ECF 58) no later than **Thursday, November 12, 2026**.

**IT IS SO ORDERED.**

:

Initials of Preparer **ts**